**Eldridge LOVELACE,
Plaintiff-Appellant,**

v.

**Linda DALL, Defendant-Appellee.**

**No. 86–2119.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 7, 1987.[*]

Decided May 18, 1987.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Eldridge Lovalace, pro se.

Patricia Rosen, Atty. Gen., Jill A. Deutsch, Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, POSNER, and FLAUM, Circuit Judges.

PER CURIAM.

Plaintiff, Eldridge Lovelace, a prisoner at Centralia Correctional Center in Illinois, brought an action pursuant to 42 U.S.C. § 1983 in which he alleged that defendant Linda Dall, the supervisor of Centralia's mailroom, violated his constitutional rights by intentionally interfering with his correspondence. Lovelace has proceeded without counsel throughout this litigation. Following a bench trial before a magistrate, a judgment was entered for the defendant. Plaintiff raises three issues on appeal. He argues that (a) he was improperly denied the appointment of counsel, (b) he was improperly denied his right to a jury trial, and (c) he did not consent to a final judgment by a magistrate.

### I. Consent to a Trial Before a Magistrate

If plaintiff did not consent to have a magistrate enter a final judgment in this case, *see* 28 U.S.C. § 636(c)(1)(3), the magistrate did not have jurisdiction to enter a final judgment and we do not have jurisdiction to hear this appeal. *Adams v. Heckler,* 794 F.2d 303, 307 (7th Cir.1986); *Geaney v. Carlson,* 776 F.2d 140, 142 (7th Cir.1986); *Caprera v. Jacobs,* 790 F.2d 442, 445 (5th Cir.1986) (per curiam). Since it is necessary to our jurisdiction, we must consider first the question of whether plaintiff validly consented to have his case referred to a magistrate.[1]

The consent required under 28 U.S.C. § 636(c) must be "clear and unambiguous." The consent must be explicit and cannot be inferred from the conduct of the parties. Of course, such consent must be voluntarily given. These standards regarding the validity of the consent must be carefully observed, for as we have previously noted valid consent is

the linchpin of the constitutionality of 28 U.S.C. § 636(c).

*Adams,* 794 F.2d at 306–07 (citations omitted). *See also Geaney,* 776 F.2d at 142; *Hall v. Sharpe,* 812 F.2d 644, 646–47 (11th Cir.1987).

In the present case both parties signed the standard consent form for referring a case to a magistrate. This form is generally adequate to show that a party's consent was "clear, unambiguous, and explicit." *Adams,* 794 F.2d at 307. As the trial before the magistrate was about to begin, though, plaintiff stated "if it is possible I would like to make an oral motion to be tried by the Judge." The magistrate informed plaintiff that the consent could only be withdrawn for good cause, *see* 28 U.S.C. § 636(c)(6), and also informed plaintiff that one example of such cause would be if the consent was coerced. Plaintiff responded that since he was not a lawyer, he did not understand the procedure. The magistrate then questioned him about his education and what parts of the consent form he misunderstood. Plaintiff responded by adding that the day he signed the form his "sugar was up" and he did not understand anything that was taking place. The magistrate proceeded to explain to plaintiff the differences between a magistrate and a judge and assured plaintiff that, as regards his case, the magistrate had no less power than a judge. Plaintiff responded, "Well, that sort of explains the procedures, some of the actions that take place." The magistrate then explained why he had denied appointing counsel for plaintiff (this denial having appeared to be the reason why plaintiff was objecting to being tried before the magistrate) and added that as with a judge any purported error could be appealed to the Court of Appeals. Plaintiff responded, "Okay." The case then proceeded to trial without any further objection by plaintiff and without the mag-

---

1. We are aware that in *Caldwell v. Miller,* 790 F.2d 589, 594 n. 6 (7th Cir.1986), we decided the merits of the case and noted that we would leave for the district court on remand the question of whether the plaintiff had voluntarily consented to a final determination by the magis-

trate. However, since *Caldwell* contains no discussion of any possible jurisdictional problem, it does not control on determining the jurisdictional nature of the issue. *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 625 (7th Cir. 1986).

istrate expressly determining if the original consent had been voluntary.

■ On the record before us it can not be determined whether plaintiff's "sugar was up" and therefore whether he did not have the capacity to consent at the time he signed the consent form. *Compare Caldwell v. Miller,* 790 F.2d 589, 594 n. 6 (7th Cir.1986). There is no requirement, though, that the consent to referral to a magistrate be in writing, only that it be express and on the record. *See generally* 28 U.S.C. § 636(c)(1) & (2); *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982) (per curiam). Therefore we will first examine the colloquy before the trial commenced to determine if it contains an unambiguous consent to have the magistrate enter a final judgment. Plaintiff expressed that he was understanding the procedures involved, but we cannot discern an *unambiguous* consent to the entry of final judgment by a magistrate. At the point that plaintiff said "Okay" he may have meant he was consenting to the trial before the magistrate. But he might have simply meant "okay, I understand," or "okay, I understand why you denied counsel," or "okay, I'll wait to appeal your decision not to allow me a trial before a judge." Since there are alternative meanings, it can not be found that plaintiff unambiguously consented. Additionally, the fact that he raised no further objection can not be directly considered as his consent since the necessary consent can not be inferred from conduct. *Adams,* 794 F.2d at 307.

■ We do, however, determine that the record before us contains an unambiguous consent to have the case referred to a magistrate. The signed consent form, on its face, can constitute the necessary consent. *See id.* The magistrate gave plaintiff the opportunity to show that that con-

sent was not voluntary, but prior to the magistrate making a determination on the voluntariness of the consent, plaintiff dropped his objections as to the validity of the original consent.[2] Therefore the signed consent form stands as is and it constitutes a valid, unambiguous, clear, and explicit consent to having this case referred to the magistrate. We note for the future, though, that in similar situations it would be advisable to obtain a second signed consent, or an express statement on the record, so as to insure there can be no ambiguity. *Compare Morrison v. Murray Biscuit Co.,* 797 F.2d 1430, 1434 (7th Cir. 1986). We have jurisdiction over the present appeal.[3]

### II. Appointment of Counsel

■ Lovelace, who had already been granted permission to proceed *in forma pauperis,* requested counsel on three occasions. *See* 28 U.S.C. § 1915(d). The first motion was apparently left undecided at the time his case was transferred to a different district. The second motion was denied by the magistrate without any explanation given. The third motion, which came a day before the trial was to commence, was also summarily denied. However, in the colloquy before the trial commenced, the magistrate gave his reasons for denying the appointment of counsel. This explanation provides us with a sufficient basis for review. *Compare Darden v. Illinois Bell Telephone Co.,* 797 F.2d 497, 502 (7th Cir.1986). It is clear that the magistrate considered all the appropriate factors for deciding whether counsel should be appointed. *See Maclin v. Freake,* 650 F.2d 885, 887–89 (7th Cir.1981) (per curiam). The decision of the magistrate therefore will not be overturned absent an abuse of discretion. *Childs v. Duckworth,* 705 F.2d 915, 923 (7th Cir. 1983). The magistrate did not abuse his

---

2. We have previously stated that in cases involving *pro se* litigants, the district court should seek to ensure that the litigant understands his rights as regards having a decision by a judge or by a magistrate. *See Caldwell,* 790 F.2d at 594 n. 6. *See also Wimmer v. Cook,* 774 F.2d 68, 73 n. 8 (4th Cir.1985). The magistrate satisfied this requirement. We also note that the magistrate

did not coerce plaintiff into dropping his objections. *Compare Adams,* 794 F.2d at 307.

3. We also note that defendant argued that any possible error with the consent could be considered harmless error. To the contrary, lack of jurisdiction can not be deemed harmless error.

discretion in determining that this was a relatively simple case in which Lovelace could adequately handle both the discovery process and the trial itself. The magistrate also expressly granted plaintiff a degree of latitude in presenting evidence in the case. *See generally Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). The magistrate properly declined to appoint counsel.

### III.  Waiver of Jury Demand

Last, we consider plaintiff's objection that he was improperly denied his right to a jury trial. Defendant initially made a timely demand for a jury trial. The minutes of the pretrial conference, though, include the following. "Jury demand may be withdrawn.... Matter to be set for non-jury trial in January." In the district court plaintiff did not object to the trial being conducted without a jury, but he raised that objection for the first time on appeal.

Once any party submits a jury demand, the demand can not be withdrawn without the consent of all parties. Fed.R.Civ.P. 38(d); *Palmer v. United States,* 652 F.2d 893, 896 (9th Cir.1981). The Federal Rules provide that a jury demand can only be withdrawn by either a written stipulation filed with the court or an oral stipulation made in open court. Fed.R.Civ.P. 39(a); *Palmer,* 652 F.2d at 896. Strictly read, Rule 39(a) has been interpreted as preventing the waiver of a jury demand by simply participating in a bench trial or other judicial factfinding proceeding without objecting. *See id.; DeGioia v. United States Line Co.,* 304 F.2d 421, 424 n. 1 (2d Cir. 1962). However, this circuit is in the majority of circuits that hold that failure to object to a non-jury factfinding proceeding waives a valid jury demand as to any claims decided in that proceeding, at least where it was clear that the court intended to make fact determinations. *National Family Insurance Co. v. Exchange National Bank of Chicago,* 474 F.2d 237, 241 (7th Cir.), *cert. denied,* 414 U.S. 825, 94 S.Ct. 129, 38 L.Ed.2d 59 (1973); *United States v. 1966 Beechcraft Aircraft,* 777 F.2d 947, 951 (4th Cir.1985) (collecting cases). We, though, found only one such

case involving a *pro se* litigant; in that case this circuit declined to apply the rule of *National Family Insurance* and instead held that the jury demand was not waived. *Chapman v. Kleindienst,* 507 F.2d 1246, 1253 (7th Cir.1974) (per curiam). As regards the present case, we must first decide whether the minutes of the pretrial conference satisfy the requirements of Rule 39(a). If not, then we must decide if plaintiff otherwise waived the jury demand.

The precise language of Rule 39(a) is "The trial of all issues so demanded shall be by jury unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury...." This has been interpreted broadly so as to encompass orders entered by the court and not objected to; statements by the judge on the record that are not objected to; and briefs arguing that the judge can decide certain matters as a legal question. *See, e.g., Twin Disc, Inc. v. Big Bud Tractor,* 772 F.2d 1329, 1334 n. 2 (7th Cir.1985); *United States v. Missouri River Breaks Hunt Club,* 641 F.2d 689, 693 (9th Cir.1981); *Southland Reship, Inc. v. Flegel,* 534 F.2d 639, 644 (5th Cir.1976). *Compare Morrison,* 797 F.2d at 1431–34; *Stewart v. RCA Corp.,* 790 F.2d 624, 629–30 (7th Cir.1986); *May v. Evansville-Vanderburgh School Corp.,* 787 F.2d 1105, 1115–16 (7th Cir. 1986). We need not decide if the pretrial conference minutes would qualify as a written stipulation or an oral stipulation entered in the record. The minutes only state that the jury demand "may" be withdrawn. They do not say that the demand was actually withdrawn by the parties. The statement in the minutes that the case was to be transferred to the non-jury calendar may indicate that the parties actually did withdraw the demand, but we do not draw such an inference for two reasons. One is that "the constitutional right to a jury trial is fundamental" and therefore "we must indulge every reasonable presumption against its waiver." *Palmer,* 652 F.2d at 895. *See also Gargiulo v. Delsole,*

769 F.2d 77, 79 (2d Cir.1985). The second reason is that plaintiff was proceeding *pro se* and we will not automatically assume he understood what was meant by the transfer nor that he understood his ability to object at the time. *Compare Chapman*, 507 F.2d at 1253. We therefore hold that the minutes of the pretrial conference do not satisfy the requirements of Rule 39(a) and therefore the jury demand remained in effect. Had plaintiff insisted on a jury at the time of his trial, he would have been entitled to it since the original demand had never been properly withdrawn. The question still remains, though, as to whether the lack of a jury trial constitutes grounds for reversal after plaintiff failed to object at the bench trial.

The rule that failure to object to proceeding with a bench trial (or other judicial factfinding) waives any existing jury demand rests on two sets of policies. One set is the standard rules that a party waives any objection not timely made and issues can not be raised on appeal if not first raised in the district court. *See National Family Insurance*, 474 F.2d at 241. In *Chapman*, we determined that this reasoning does not apply to *pro se* litigants since they can not be presumed to have understood the applicable procedural requirements. 507 F.2d at 1253. Another policy justifying the jury demand waiver rule is the view that it is unfair to permit a party to have a trial, discover that it has lost, and then raise the jury issue because it is unsatisfied with the result of the trial. *See 1966 Beechcraft*, 777 F.2d at 951; *Hanlon v. Providence College*, 615 F.2d 535, 539 (1st Cir.1980). It should be understood, though, that this is not primarily a matter of fairness to the other party. For, assuming there is no waiver of a jury demand by a failure to object to a bench trial, the other party would have had the same ability to overturn the result had it been the losing party. Also, the opposing party could have protected itself by not proceeding with a bench trial without first ensuring that a valid waiver under Rule 39(a) was in the record. Therefore, the principal concern in this regard should be one of judicial economy; court judgments should have meaning and effect instead of being a futile exercise that one of the parties will be able to overturn no matter what the result. *Compare Palmer*, 652 F.2d at 897 (Chambers, J., dissenting) ("There may be times in which it looks as if we are permitting a party to ambush a trial judge."); *Torres v. Rebarchak*, 814 F.2d 1219, 1226 (7th Cir.1987) (one of the policies behind the doctrine of *res judicata* is the promotion of judicial economy). In the particular type of case before us, though, there is also a question of fairness to the defendant. Since the jury waiver rule clearly applies to counseled litigants such as Dall, not applying the waiver rule to uncounseled opponents would create the situation where only one party—the *pro se* party—would have the opportunity to overturn the trial result in the event of an adverse decision. Thus fairness to the winning party should also be considered in cases involving a *pro se* party.

The present case is distinguished from *Chapman* on two grounds. First, in the present case waiver of the right to a jury trial was considered in advance of trial, but the attempt to waive the right was technically deficient. There was no similar situation in *Chapman;* instead in *Chapman* the trial judge—and maybe even the opposing party—were apparently unaware of the existence of a jury demand which had been hidden in the middle of the complaint. *See Chapman*, 507 F.2d at 1253. A second distinction, which we find to be the more important one, is that *Chapman* was being remanded for other reasons as well as the jury issue. In the present case, we have already decided there is no other ground for a remand. These distinctions must be examined in light of the purposes behind the jury waiver rule. In *Chapman*, we determined that the standard waiver rule was overridden by the leniency given to *pro se* litigants on procedural matters. *Id.* That reasoning also applies to the present case, but to a lesser degree since there is some indication in the present case that Lovelace consciously decided to waive his right to a jury trial. The other policy concerns, however, did not

apply in *Chapman*. Since *Chapman* was being remanded on other grounds anyway, also permitting Chapman to continue to assert his right to a jury trial did not implicate concerns for judicial economy or fairness to the opposing party. On the other hand, this set of policy concerns fully applies in the present case. Therefore, while the decision in *Chapman* will continue to apply in similar cases where, as in *Chapman,* there is both a *pro se* litigant and another ground for a remand, it will not apply in the present type of case involving a *pro se* litigant but no other ground for remanding the case. In this latter type of case, the rule of *National Family Insurance,* 474 F.2d at 241, will apply.[4]

The judgment of the district court is AFFIRMED.

---

**4.** To a limited extent our decision relies on the fact that Lovelace at least participated in a discussion of waiving the jury demand, even if he did not expressly agree to it, and that discussion resulted in the jury being dropped, though by technically deficient means. Since it is unnec-

essary to establish an absolute rule in deciding the present case, we leave open the possibility that there may be exceptional circumstances where a *pro se* litigant's silence during a bench trial does not waive the jury demand despite there being no other ground for a remand.