831 F.2d 294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Kent DREW, Plaintiff-Appellant,
v.
COUNTY OF OAKLAND, Oakland County Board of Commissioners,
Oakland County Health Department, Defendants-Appellees.
 No. 86-1298.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1987.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM: Plaintiff, James Kent Drew, appeals from a judgment entered by the United States District Court for the Eastern District of Michigan, Cook, J., after a jury verdict for defendants in this action for employment discrimination. For the reasons set forth below, we AFFIRM.
 
 
 1
 Plaintiff filed a suit in the district court alleging that the County of Oakland rejected his request for promotion, and discharged him on racial grounds. Plaintiff alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e)(5) et. seq., 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1983; the Elliot-Larsen Civil Rights Act, M.C.L.A. 37.2101 et. seq., M.S.A. 3.548(101) et. seq.; and a pendant state law claim for breach of implied contract. Plaintiff sought compensatory and punitive damages as well as equitable relief, and demanded a trial by jury.
 
 
 2
 Defendants denied that race had played any part in the denial of plaintiff's promotion or his discharge, and asserted that plaintiff had been discharged because he had falsified inspection reports that he was required to complete as part of his job as a health sanitarian for the County of Oakland, and that he had forged the names of owners of food establishments. Defendants counterclaimed, alleging breach of plaintiff's employment contract and seeking past wages and other damages.
 
 
 3
 After a jury trial lasting twenty trial days, including nineteen days in which plaintiff presented his evidence, the jury found that plaintiff had failed to prove all of the requisite elements with regard to his burden of proving that he was denied promotion on racial grounds, or that he was wrongfully discharged for reasons which included race. The jury further found that plaintiff had breached his implied employment contract with defendants, but determined that defendants had suffered no actual damages. The district court entered judgment for defendants on all claims on March 25, 1986.
 
 
 4
 In June of 1980, it was discovered that plaintiff had been falsifying Inspection Reports and forging the required signatures of restaurant owners and managers. When confronted, plaintiff denied either falsifying reports or forging signatures; however, after a meeting in which he had made this denial, he admitted falsifying reports only from May 27, 1980 through June 6, 1980. Plaintiff was suspended pending an investigation which disclosed that plaintiff had actually falsified twenty-eight reports over a period of fifteen months. Plaintiff was subsequently discharged.
 
 
 5
 While employed, plaintiff requested promotion from his position as a Sanitarian II to Sanitarian III. Plaintiff was denied promotion, and he argued that this denial was attributable to discrimination because of his race. However, defendants offered evidence at trial that plaintiff had allowed his license denoting him as a "Registered Sanitarian" to lapse and that his work habits were deficient, and that he had therefore failed to meet the criteria for promotion.
 
 
 6
 Plaintiff argues that the district court erred in submitting the factual determination of his Title VII claim to the jury. We do not address the issue of whether a right of trial by jury exists under Title VII, for we find that plaintiff did not properly preserve this issue for purposes of this appeal.
 
 Fed.R.Civ.P. 39(a) provides that:
 
 7
 When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.
 
 
 8
 Plaintiff demanded a jury trial pursuant to Rule 38(b).[1] Although plaintiff later filed a waiver of his jury demand, and, in the context of an argument against the granting of summary judgment, opined that there was no right to a jury trial, Rule 39(a) makes it clear that a motion for a finding that no right to a jury trial exists as a matter of law is required to strike a jury demand at the request of a party. Filing a waiver after a jury has been demanded is insufficient; withdrawal of the demand requires the consent of the parties. Fed.R.Civ.Pro. 38(d);[2] Lovelace v. Dall, 820 F.2d 223, 227 (7th Cir.1987). Because the argument was not properly raised in the district court, we must decline to review it here. E.g., Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 9
 Next, plaintiff argues that the district court improperly extended subject matter jurisdiction to the county's breach of contract counterclaim. Essentially, plaintiff asserts that defendant's counterclaim was permissible, and that once the pendant claims brought by plaintiff were dismissed, the counterclaim should have been dismissed. However, because defendant's counterclaim for breach of the employment contract arose out of the transaction or occurrence that was the subject matter of plaintiff's claim (i.e., the falsifications and forgeries), defendant's claim was compulsory, Fed.R.Civ.Pro. 13(a), and was properly a part of the case pursuant to the ancillary jurisdiction of the district court. Branch v. Amoco Oil Company, 677 F.2d 1213, 1226 (7th Cir.1982), on remand 570 F.Supp. 1437 (N.D.Ill.1983).
 
 
 10
 Plaintiff further argues that it was error to exclude from evidence an investigative report compiled by an investigator from the Michigan Department of Civil Rights. A decision to exclude evidence is reversible only if the district court abused its discretion. Miller v. Caterpillar Tractor Company, 697 F.2d 141, 144 (6th Cir.1983). The trial court's finding that the investigator's report was not trustworthy because of, inter alia, factual errors and suspect investigatory methods, was not an abuse of discretion. Fed.R.Evid. 803(8); Miller, 697 F.2d at 144 (6th Cir.1983).
 
 
 11
 Moreover, it was not an abuse of discretion for the district court to refuse to admit the lay testimony of the Michigan Department of Civil Rights Investigator pursuant to Fed.R.Evid. Rule 701. Rule 701 provides that:
 
 
 12
 If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.
 
 
 13
 Not only was the investigator's proposed opinion derived from second and third-hand sources, but it also went to the heart of the legal determination at issue, ".. invad[ing] the province of the court to determine the applicable law and to instruct the jury as to that law." Torres v. County of Oakland, 758 F.2d 147, 149-151 (6th Cir.1985). The district court acted well within its discretion in excluding this testimony.[3]
 
 
 14
 Accordingly, the judgment entered below is AFFIRMED.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 
 [1]
 Fed.R.Civ.Pro. 38(b) provides that:
 (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
 
 
 [2]
 Fed.R.Civ.Pro. 38(d) provides that:
 (d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.
 
 
 [3]
 Appellant offers the additional argument that he, in fact, established the liability of the defendant by a preponderance of the evidence. However, ".... [s]trictly speaking, this court does not review the actions of juries. Our review of the sufficiency of the evidence is by the review of a trial judge's rulings on motions for directed verdict or JNOV." Dabrowski v. Warner-Lambert Co., 815 F.2d 1076, 1078 (6th Cir.1987). Because neither a motion for directed verdict nor for judgment nonwithstanding the verdict was made, this issue has not been properly preserved for appeal. Young v. Langley, 793 F.2d 792, 795 (6th Cir.1986), cert. denied, Langley v. Young, --- U.S. ---, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986)