903 F.2d 1159
 53 Fair Empl.Prac.Cas. 123,
53 Empl. Prac. Dec. P 40,012
Anna L. HANNA, Plaintiff-Appellant,
v.
FEDERAL LAND BANK ASSOCIATION OF SOUTHERN ILLINOIS and
Central Production Credit Association, d/b/a Farm
Credit Services of Southern Illinois,
Defendants-Appellees.
 No. 89-1571.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 5, 1989.
Decided June 11, 1990.
 
 Alan R. Farris, Conn, Clendenin, Norton & Farris, Sparta, Ill., for plaintiff-appellant.
 Gerald M. Burke, Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, East St. Louis, Ill., Robert W. Stewart, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendants-appellees.
 Before COFFEY and RIPPLE, Circuit Judges, and DUMBAULD, Senior District Judge.*
 COFFEY, Circuit Judge.
 
 
 1
 Anna L. Hanna appeals from the district court's judgment holding that Hanna's termination did not violate the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq., entered following a bench trial conducted after the trial judge denied Hanna's request for a jury trial. We reverse and remand directing that a jury trial be granted.
 
 I.
 
 2
 Anna L. Hanna was hired as a secretary for the Sparta, Illinois office of the Illini Production Credit Association ("Illini PCA") on June 9, 1980. The Production Credit Association and the Federal Land Bank Association, referred to herein, are both "farm credit associations" that are part of the "farmer-owned cooperative Farm Credit System." 12 U.S.C. Sec. 2001(a). A production credit association is a "[f]ederally chartered instrumentality of the United States"[1] that "may be organized by 10 or more farmers or ranchers or producers or harvesters of products desiring to borrow money on the provisions of [12 U.S.C. Secs. 2071 to 2077]."[2] A federal land bank association is defined in the statutes as "a federally chartered instrumentality of the United States"[3] that "may be organized by any group of 10 or more persons desiring to borrow money from a Farm Credit Bank under section 2015(a)"[4] of Title 12 of the United States Code.
 
 
 3
 At the time Hanna commenced her employment with Illini PCA, she had no prior secretarial experience. While employed she improved her technical skills with her attendance at many seminars thus resulting in her receiving many favorable secretarial performance evaluations.
 
 
 4
 In the spring of 1985, the Illini PCA began discussing the possibility of combining services and operations with other farm credit agencies in its region and circulated memos within Illini PCA and other farm credit agencies dealing with the possibility of staff reductions, particularly directed towards older employees. The mergers of farm credit agencies were apparently in response to the agencies' precarious financial positions and were efforts to reduce management structure and improve capital for financial strength. On January 1, 1986, the Illini PCA merged with several other Illinois PCAs to form the Central Production Credit Association. On that date, the newly created Central Production Credit Association also opened a joint service center in Sparta, Illinois with the Federal Land Bank Association of Southern Illinois ("FLBA"). The joint service center of these two farm credit associations, located in Sparta, Illinois, did business as Farm Credit Services of Southern Illinois ("FCS"). When the Sparta service center was established, it employed as secretaries Hanna as well as the secretary from FLBA's Sparta office, Tammy Lacey.
 
 
 5
 Thereafter a declining overall work load resulting from a decreasing loan volume accompanying the depressed farm economy suggested to the authorities that they terminate one of the FCS secretaries in its Sparta office. After evaluation of both secretaries' employment histories by FCS supervisors, Hanna's employment was terminated effective March 31, 1986, for several reasons, including the fact that she had less experience than Tammy Lacey, the FLBA secretary who was retained.[5] Hanna's termination was delayed until June 9, 1986 in order that she become eligible for the vesting of her retirement benefits.
 
 
 6
 Hanna filed an age discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), based upon the fact that she was approximately 50 years old, challenging her termination rather than Lacey, who was 27 years of age. Hanna filed this suit in the district court, after the expiration of 29 U.S.C. Sec. 626(d)'s sixty-day waiting period for the filing of an action in federal court under the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. Hanna's suit alleged that age was a determining factor in FCS' decision to retain Lacey instead of Hanna, and that her termination, therefore, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621, et seq. In her complaint, Hanna requested a jury trial under section 7(c)(2) of ADEA, 29 U.S.C. Sec. 626(c)(2). The district court struck Hanna's jury demand in an order dated September 8, 1988, holding that "under [Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1980) ] there is no basis for plaintiff's jury demand." Hanna continued to assert her right to a jury trial in her proposed pre-trial order, which the trial judge signed on the first morning of the trial itself, November 28, 1988, and specifically deleted all of Hanna's references to a jury trial. The district court, in a court trial, found in favor of the defendant on the merits of Hanna's age discrimination claim.
 
 II.
 
 7
 The plaintiff-appellant on appeal challenges the district court's denial of Hanna's jury trial demand.[6] The question of whether a jury trial was appropriate is a question of law, and this court will review the district court's determination of questions of law on a de novo basis.
 
 
 8
 This case was brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621, et seq. Section 7(c)(2) of the Act, 29 U.S.C. Sec. 626(c)(2), allows actions brought against private employers to be heard before a jury.[7] However, the Supreme Court has ruled that in age discrimination actions against the federal government as the employer, the plaintiff is not entitled to a jury trial. 29 U.S.C. Sec. 633a(c); Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). In Lehman, the Supreme Court determined that in allowing actions to proceed under the Age Discrimination in Employment Act against the federal government, Congress waived the federal government's traditional immunity from suit, but "did not depart from its normal practice of not providing a right to trial by jury...." Lehman, 453 U.S. at 168-69, 101 S.Ct. at 2705-06.
 
 
 9
 The district court determined that the Federal Land Bank Association, Hanna's employer, was a federal instrumentality and that, under Lehman, Hanna was not entitled to a jury trial. Hanna urges that the court erred in reaching this conclusion. It is interesting to note that the Federal Land Bank Association of Southern Illinois and the Central Production Credit Association, in their brief, admit that the district court's decision concerning Hanna's right to a jury trial was erroneous. Brief for Defendant-Appellees at 17.
 
 
 10
 We agree with the conclusion of all the parties to this litigation that production credit associations and federal land bank associations are not federal agencies. Even though Federal Land Bank Associations and Production Credit Associations are "federally chartered instrumentalit[ies] of the United States,"[8] created under the Farm Credit Act of 1971, they are not considered as federal agencies per se under 12 U.S.C. Sec. 2001(a) that establishes the "farmer-owned cooperative Farm Credit System," and are owned and operated by farmers. Congress' intent was that the farm credit system was to be owned and operated by farmers rather than the federal government. Thus, both Federal Land Bank Associations and Production Credit Associations are farmer-owned and operated agencies rather than federal instrumentalities. Other courts, in analyzing the question of whether Federal Land Bank Associations and Production Credit Associations are Federal agencies, have relied upon the statute's statement of Congress' intent to hold that, although the Federal Land Bank Associations and Production Credit Associations are heavily regulated by the federal government, this regulation does not transform these farmer-owned entities into governmental agencies. See e.g. DeLaigle v. Federal Land Bank of Columbia, 568 F.Supp. 1432, 1439 (S.D.Ga.1983); Federal Land Bank of Columbia v. Cotton, 410 F.Supp. 169 (N.D.Ga.1975); South Central Iowa Production Credit Association v. Scanlan, 380 N.W.2d 699, 703 (Iowa 1986). We join them and hold that the Federal Land Bank Association of Southern Illinois and Central Production Credit Association, the entities responsible for the operation of the Sparta Service Center of Farm Credit Services of Southern Illinois, are private employers without sufficient governmental involvement to constitute federal agencies exempt from jury trials in actions brought under the ADEA. Thus, the employees of the Federal Land Bank Association of Southern Illinois and the Central Production Credit Association are entitled to trial before a jury of their peers when litigating questions under the ADEA.
 
 
 11
 While conceding that Hanna had a right to a jury trial, Federal Land Bank Association of Southern Illinois and Central Production Credit Association now argue that Hanna somehow waived her right to the jury trial. Hanna asserted her right to a jury trial in the complaint which initiated this action on December 8, 1986. She continued to assert her right to a jury trial during the pre-trial proceedings. As late as the morning of the trial itself, November 28, 1988, she persisted in her jury trial request. In the final pretrial order which the court signed on the morning of the trial, Hanna's attorneys proposed a jury trial and the court specifically deleted all references to the jury trial before signing the order. In anticipation of the court's denial of a jury trial, Hanna's attorneys had specifically reserved their right on the record to appeal the issue of denial of Hanna's right to a jury trial. See Plaintiff's Response to Orders filed July 25, 1988. We fail to understand what more a plaintiff could have done to assert a right to a jury trial in an action brought under the ADEA and to preserve an appeal of the district court's erroneous denial of this right. Thus, we are of the opinion that Hanna did not waive her right to a jury trial.
 
 
 12
 The defendants in frustration raise a third backup position and claim that a remand may only be ordered if the court committed another error in addition to deprivation of Hanna's right to a jury trial. The defendants cite Lovelace v. Dall, 820 F.2d 223, 228 (7th Cir.1987), a case involving a pro se litigant who had discussed the possibility of waiving his right to a jury trial during pre-trial proceedings, and subsequently made no effort to clarify whether or not he had actually decided to waive that right. In those circumstances we denied a rehearing for a jury trial in the absence of another ground for remand, relying upon our holding in National Family Insurance Co. v. Exchange National Bank of Chicago, 474 F.2d 237, 241 (7th Cir.1973), cert. denied, 414 U.S. 825, 94 S.Ct. 129, 38 L.Ed.2d 59 (1973), that failure to object to a non-jury fact finding proceeding waived a valid jury demand. The " 'constitutional right to a jury trial is fundamental' and therefore 'we must indulge every reasonable presumption against its waiver.' " Lovelace, 820 F.2d at 227 (quoting Palmer v. U.S., 652 F.2d 893, 895 (9th Cir.1981)); see also Gargiulo v. Delsole, 769 F.2d 77, 79 (2nd Cir.1985). In contrast to the defendant in Lovelace, Anna Hanna did object to the non-jury fact finding proceeding. In fact, Hanna made numerous requests to have a trial before a jury. In the preceding paragraph we have catalogued the various ways in which she sought to raise and preserve her jury demand, both before and after the district court's specific denial of this request. The purpose of the jury demand waiver rule is to prevent parties from raising the jury trial issue for the first time on appeal after proceeding with a bench trial. See Lovelace, 820 F.2d at 228; National Family Insurance, 474 F.2d at 241; see also U.S. v. 1966 Beechcraft, 777 F.2d 947, 951 (4th Cir.1985). The jury demand waiver rule is inapplicable in a case like ours where a plaintiff has so repeatedly sought to demand and preserve a jury trial that it could not have presented any surprise to the defendants when the issue was asserted on appeal.
 
 
 13
 Since the Federal Land Bank Association of Southern Illinois and Central Production Credit Association, d/b/a Farm Credit Services of Southern Illinois, Hanna's employers, are private employers, we hold that Hanna was entitled to a jury trial of her action. Because the district court erroneously failed to grant Hanna's jury trial request, its judgment is reversed and this case is remanded to the district court for trial before a jury. Circuit Rule 36 shall apply on remand.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsylvania, is sitting by designation
 
 
 [1]
 12 U.S.C. Sec. 2071(a)
 
 
 [2]
 12 U.S.C. Sec. 2071(b)(1)
 
 
 [3]
 12 U.S.C. Sec. 2091(a)
 
 
 [4]
 12 U.S.C. Sec. 2091(b)(1)
 
 
 [5]
 The district court listed the reasons for the decision as:
 "1. Lacey's FLBA (long-term) loan experience.
 
 
 [2]
 Lacey's seven and one half years of secretarial experience, compared to six years of experience for plaintiff
 
 
 [3]
 Lacey's initiative in taking junior college courses which were job-related in preparation for the 1986 reorganization
 
 
 [4]
 Lacey's evaluations, which [Kent] Saxe [Field Vice-President of Farm Credit Services of Southern and Southeastern Illinois] found to be slightly better than plaintiff's. Moreover, Lacey's evaluation showed improvement, while plaintiff's showed a levelling off or a slight decline
 
 
 [5]
 Wayne Steiner's [then Credit Analyst with Farm Credit Services] opinion that plaintiff 'was in lower half of all PCA secretaries.'
 
 
 [6]
 Saxe's conclusion that plaintiff's employee evaluation forms indicated a lack of desire on behalf of the plaintiff to assume additional responsibilities."
 Hanna v. Federal Land Bank Association, No. 86-3717, slip op. at 12-13, 1989 WL 54405 (S.D.Ill. February 15, 1989).
 
 
 [6]
 In addition to the issue of the denial of jury trial, Hanna also appealed the trial court's rulings (1) that Hanna failed to prove pretext, which is a necessary element of a prima facie case of age discrimination, and (2) that the district court abused its discretion through the admission of evidence of Lacey's post-termination job success. Since we reverse and remand this case for a new trial in front of a jury, it is unnecessary for us to decide issues regarding the conduct of the trial itself
 
 
 [7]
 29 U.S.C. Sec. 626(c)(2) provides as follows:
 "In an action brought [against a private employer], a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action."
 
 
 [8]
 12 U.S.C. Secs. 2071(a), 2091(a)