7 F.3d 239
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
JAMES E. WILLIAMS, Plaintiff/Appellant,
v.
GILBERTO ROMERO, former Superintendent, Stateville
Correctional Center, et al., Defendants/Appellees.
 No. 92-1467.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.*
Decided Sept. 24, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In December of 1985, while incarcerated at the Stateville Correctional Center in Joliet, Illinois, James Williams brought an action pursuant to 42 U.S.C. § 1983, against various officials of the prison alleging that they had violated his rights secured by the First, Eighth, and Fourteenth Amendments. Williams initially proceeded pro se, but in December of 1986 the district court appointed William Gifford, Jr. to represent him. On October 13, 1987, Williams moved to dismiss Gifford as his attorney because Gifford had not been in contact with him since July of 1987. On October 21, 1987, Gifford and defendants' counsel executed a form styled "CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE." Williams' case was then reassigned to a Magistrate Judge and Williams' motion to dismiss Gifford as his attorney was continued for the Magistrate Judge's consideration.
 
 
 2
 On October 23, 1987, Gifford hand-delivered a letter to Williams informing him of the status of the case. Gifford wrote:
 
 
 3
 Judge Bua suggested that the trial of this case be referred to a magistrate. He stated that the case would be tried more quickly by a magistrate than by him due to his heavy trial schedule. I advised the court that I did not wish to be bound to a trial before a magistrate without having consulted you. Therefore, should you have any objection, please let me know and we can discuss it in more detail.
 
 
 4
 On November 5, 1987, Williams moved to hold in abeyance his motion to dismiss Gifford as his attorney. Two weeks later, Gifford applied to withdraw as Williams' attorney due to personal incompatibilities with Williams. That application and the Magistrate Judge's order allowing Gifford to withdraw were lost during processing. As a result, on March 2, 1988, the Magistrate Judge entered an order retroactive to December 9, 1987, granting Gifford's motion to withdraw as Williams' attorney.
 
 
 5
 Williams thereafter filed several motions seeking to vacate the October 23, 1987, transfer of his case from Judge Bua to the Magistrate Judge. Williams claimed in these motions that because he had not consented to the transfer, the Magistrate Judge lacked jurisdiction to adjudicate the case. The Magistrate Judge denied each motion. On January 10, 1989, Gifford sent a letter to Judge Bua. The letter stated:
 
 
 6
 Enclosed, for your information, is a letter which I received from James Williams on December 28, 1988. Although Mr. Williams rejected your offer to vacate the consent form which I signed on October 21, 1987, please know that I greatly appreciated your willingness to do so.
 
 
 7
 The enclosed letter from Williams to Gifford stated in pertinent part:
 
 
 8
 I am rejecting your offer of having Judge Bua vacate the consent which was signed by you on October 21, 1987 and therefore will not make a commitment, in writing to say that I will withdraw my suit against you which is currently pending in the Circuit Court of Cook County....
 
 
 9
 The defendants moved for summary judgment in August of 1990. Williams responded by filing a document styled "Motion For Leave To File Response To Defendants' Motion For Summary Judgment Instanter." By this document Williams reiterated his claim that because he had not consented to the transfer of his case from Judge Bua to a Magistrate Judge, the Magistrate Judge lacked jurisdiction to adjudicate the case. In January of 1992 the Magistrate Judge granted the defendants' motion for summary judgment. He found that Williams had failed to oppose the defendants' motion and that the defendants' motion revealed "unequivocally that nothing the plaintiff complains of rises to the level of a constitutional challenge."
 
 
 10
 Williams appeals the district court's October 28, 1987, order transferring his case from Judge Bua to a Magistrate Judge. This interlocutory order became appealable when the Magistrate Judge entered summary judgment in favor of the defendants on January 29, 1992. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-45 (1949). In his appellate brief, Williams reiterates his claim that the Magistrate Judge lacked jurisdiction to enter summary judgment in favor of the defendants. The relevant statutory provision, 28 U.S.C. § 636(c)(1) (1988), states in pertinent part:
 
 
 11
 Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.
 
 
 12
 Jurisdiction of a Magistrate Judge thus depends upon (1) having the "consent of the parties," and (2) being "specially designated to exercise such jurisdiction by the district court." See Lovelace v. Dall, 820 F.2d 223, 225 (7th Cir.1987) (per curiam). The first requirement of § 636(c)(1) is in issue in this appeal. Williams contends that he never consented to the transfer of his case from Judge Bua to the Magistrate Judge.
 
 
 13
 The consent required by § 636(c)(1) must be "clear and unambiguous." Adams v. Heckler, 794 F.2d 303, 307 (7th Cir.1986); Geaney v. Carlson, 776 F.2d 140, 142 (7th Cir.1985); see also Archie v. Christian, 808 F.2d 1132, 1137 (5th Cir.1987) (en banc) (requiring written consent of all parties to be filed before trial). The consent must be explicit and cannot be inferred from the conduct of the parties. Of course, such consent must be voluntarily given. Lovelace, 820 F.2d at 225. These standards regarding the validity of the consent must be carefully observed for, as we have previously noted, consent is the linchpin of the constitutionality of § 636(c)(1). See Geras v. Lafayette Display Fixtures, Inc., 742 F.2d 1037, 1040-41 (7th Cir.1984).
 
 
 14
 Williams did not personally consent to the transfer of his case from Judge Bua to the Magistrate Judge. Gifford, acting as Williams' attorney, signed a written form consenting to the transfer without Williams' knowledge. Two days later Gifford represented in a letter to Williams that the case had not been transferred and would not be until Williams had the opportunity to consult with Gifford.[1] The record suggests that Williams did not become aware that his case had been transferred to the Magistrate Judge until January of 1988 (the district court's docket sheet indicates that notice of the transfer was mailed on October 28, 1987, but there is no proof in the record that Williams received it). In June and July of 1988 Williams filed four consecutive motions opposing the transfer of his case to the Magistrate Judge.
 
 
 15
 The defendants submit that Williams personally consented to the transfer of his case in his December 23, 1988, letter to Gifford in which he stated that "I am rejecting your offer of having Judge Bua vacate the consent which was signed by you on October 21, 1987...." We disagree. This language does not evince Williams' clear and unambiguous consent to waive his right to trial before an Article III judge. Moreover, the context of Williams' letter to Gifford suggests that Williams did not understand his rejection of Gifford's offer to be an expression of consent to the transfer of his case. The letter continues, "and therefore [I] will not make a commitment, in writing to say that I will withdraw my suit against you which is currently pending in the Circuit Court of Cook County...." Thus Williams did not write to Gifford for the purpose of consenting to the transfer of his case to a Magistrate Judge; rather, Williams wrote the letter to rebuff what he perceived as an attempt by Gifford to entice him to dismiss a related suit he had filed against Gifford in state court.
 
 
 16
 The defendants also argue that Williams consented to the transfer of his case to the Magistrate Judge by acceding to the Magistrate Judge's authority to adjudicate the case. From January through May of 1988 Williams filed motions with the Magistrate Judge but did not challenge the Magistrate Judge's jurisdiction over the case. It was not until June of 1988, after the Magistrate Judge denied his motion to compel the production of certain documents, that Williams voiced his jurisdictional challenge. Although Williams' dilatory challenge suggests that he consented to the transfer of his case to a Magistrate Judge so long as he received favorable rulings, as we noted above, consent to the transfer of a case to a Magistrate Judge under § 631(c) must be explicit and cannot be inferred from the conduct of the parties. Lovelace, 820 F.2d at 225; Adams v. Heckler, 794 F.2d at 306-07. We therefore cannot infer Williams' consent to the transfer from his acquiescent conduct.
 
 
 17
 Although we have concluded that Williams did not personally consent to the transfer of his case from Judge Bua to the Magistrate Judge, our inquiry is not complete. We must consider the effect of the standard form consenting to the transfer that Gifford filed in the district court. A party's signature on a standard consent form is generally adequate to demonstrate that the party consented to the assignment of his case to a Magistrate Judge. Lovelace, 820 F.2d at 225. But in this case the signature on the consent form is that of Gifford, Williams' court-appointed attorney, and not that of Williams, the party. Thus the issue becomes whether Gifford's signature on the consent form bound Williams. It didn't. As written and applied, § 636(c)(1) does not require the party himself to give consent to the transfer of a case to a Magistrate Judge, nor does it foreclose the party's counsel from consenting on behalf of the party. Jurado v. Klein Tools, Inc., 755 F.Supp. 368, 370 (D.Kan.1991). But under Illinois law, which applies in this case because the relationship between Williams and Gifford arose in Illinois and the authority of an attorney derives from state law, see Slavin v. Commissioner, 932 F.2d 598, 601 (7th Cir.1991), a litigant is bound by his attorney's acts only if those acts are within the scope of the attorney's authority. See In re Estate of Maslowski, 561 N.E.2d 1183, 1186 (Ill.App.Ct.1990); People v. Wilkerson, 463 N.E.2d 139, 143-44 (Ill.App.Ct.1984); Homgren v. Newcom, 272 N.E.2d 820, 821 (Ill.App.Ct.1971). Williams never gave Gifford the go-ahead to consent on his behalf to the transfer of his case from Judge Bua to the Magistrate Judge. Thus when Gifford signed the standard form consenting to the transfer of the case, he acted outside the scope of the authority conferred upon him by Williams. Granted, the attorney is the manager of the lawsuit and therefore decisions on trial strategy and tactics may be made by counsel alone. People v. Williams, 222 N.E.2d 321, 325 (Ill.1966), cert. denied, 388 U.S. 923 (1967). But consenting to the transfer of a case to a Magistrate Judge is not a strategic or tactical decision, it is a waiver of the right to trial before an Article III judge. See Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir.1987); Geras, 742 F.2d at 1040-41. Gifford therefore lacked the authority to consent on behalf of Williams to the transfer of Williams' case from Judge Bua to the Magistrate Judge.
 
 
 18
 Because Williams did not personally consent to the transfer of his case to the Magistrate Judge and Williams' attorney lacked the authority to consent on Williams' behalf, the Magistrate Judge lacked jurisdiction to enter a final judgment in Williams' case. Lovelace, 820 F.2d at 225; Adams, 794 F.2d at 307; Geaney v. Carlson, 776 F.2d 140, 142 (7th Cir.1986). We therefore VACATE the summary judgment that the Magistrate Judge entered in favor of the defendants and REMAND to the district court for proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The defendants contend that we cannot consider the letter from Gifford to Williams because Williams did not file the letter in the district court and, as such, did not make the letter part of the record on appeal. See Fed.R.App.P. 10(a); Henn v. National Geographic Soc'y, 819 F.2d 824, 831 (7th Cir.), cert. denied, 484 U.S. 964 (1987). Williams specifically referred to the letter and what it said in his July 18, 1988, motion challenging the assignment of his case to the Magistrate Judge. In his August 4, 1988, order denying Williams' motion the Magistrate Judge evaluated the significance of what Gifford said in the letter on Williams' claim that he had not received notice that his case had been assigned to a Magistrate Judge. Williams' motion is, of course, part of the record on appeal. We believe that Williams' explicit reference to the letter in his motion, coupled with the Magistrate's consideration of it in denying the motion, allows us to consider what Gifford said in the letter