7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tommy ORTIZ, Plaintiff-Appellant,
v.
Thomas PAGE, N. Coffey, Correctional Officer Stephenson,
John Wiseman, Defendants-Appellees.
 No. 91-3929.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.[1]
Decided Sept. 29, 1993.
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Tommy Ortiz, an inmate at Centralia Correctional Center in Illinois, appeals from a judgment in favor of the defendant prison officials in this civil rights case (42 U.S.C. § 1983) alleging excessive force.
 
 
 2
 Plaintiff started a fire in his cell. Correctional officers removed plaintiff from the cell and extinguished the fire. Later that day, plaintiff flooded the cell by overflowing the toilet. Officers again removed plaintiff from his cell and cleaned up the flood. Plaintiff alleges that both times the officers removed him from the cell, they used excessive force. Plaintiff suffered a broken back and other injuries. The correctional officers involved also suffered injuries. A bench trial was held before a magistrate judge, who entered judgment for defendants. On appeal, plaintiff contends that he never consented to a trial before a magistrate judge. We agree, and therefore do not address other arguments raised by plaintiff.[2]
 
 
 3
 Under 28 U.S.C. § 636(c)(1), the parties may consent to have a magistrate judge conduct the trial and enter judgment in the case. Upon advising the parties of the availability of the magistrate, the district court judge or the magistrate "shall ... advise the parties that they are free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2). If plaintiff "did not consent to have a magistrate enter a final judgment in this case ... the magistrate did not have jurisdiction to enter a final judgment and we do not have jurisdiction to hear this appeal." Lovelace v. Dall, 820 F.2d 223, 225 (7th Cir.1987), citing Adams v. Heckler, 794 F.2d 303, 307 (7th Cir.1986).
 
 
 4
 On November 8, 1988, the district court referred the case to a magistrate judge for a report and recommendation as to pre-trial proceedings. On February 22, 1991, at a status conference, plaintiff's attorney signed a form consenting to trial before a magistrate judge.[3] Three days later, on February 25, counsel sent plaintiff a letter stating he had tentatively consented. The letter reads:
 
 
 5
 "I have tentatively entered a consent to have your case tried by Magistrate Cohn rather than Judge Stiehl. I believe that you will get a fair trial before Magistrate Cohn and in addition Judge Stiehl's trial docket is so full that your case would not be set for trial for 3 to 4 years. If there is some reason why you object to having your case tried before Magistrate Cohn, please let me know immediately. But I already have been told that to try the case before Judge Stiehl it would be at least a 3 to 4 year wait."
 
 
 6
 The record indicates the letter was sent to the prison at Dixon, Illinois. Plaintiff says he never received it. Three days later, on February 28, 1991, plaintiff sent a letter to his attorney, stating:
 
 
 7
 "And concerning the trial, I want you to enter this case to be tried by a U.S. Dist. Judge in front of a jury at the soonest possible date. If I am correct Judge William Stiehl will try this case when it comes up for trial."
 
 
 8
 Plaintiff's letter was notarized March 5, 1991, and the return address on the letter was the prison in Joliet, Illinois. The letter also comments: "There is a lack of communication between us that needs correction."
 
 
 9
 On October 31, 1991, a final pre-trial conference was held. On November 4, 1991, the trial was set for November 25, 1991. On November 19, 1991, plaintiff's attorney filed a motion to transfer the cause from a magistrate judge to a district court judge.[4]
 
 
 10
 We find that no consent had been given had been given at this point in the proceedings. Cf. Carter v. Sea Land Serv., Inc., 816 F.2d 1018 (5th Cir.1987) (consent to proceedings before magistrate was valid where plaintiff herself signed the consent form at a conference where her attorney was present and participated); Jurado v. Klein Tools, Inc., 755 F.Supp. 368, 371 (D.Kan.1991) (consent valid where plaintiff's counsel did not condition consent on any further events or say that it was his consent only and not that of his client's, plaintiff presented no other evidence for "questioning whether plaintiff's counsel acted with the authority of his client when he consented to proceed before the magistrate"; court encourages plaintiff to file a motion to reconsider if he has "any evidence to show otherwise").
 
 
 11
 The Federal Magistrates Act consistently has been given a narrow interpretation. Gomez v. United States, 490 U.S. 858 (1989). The consent to a magistrate judge's jurisdiction must be clear, unambiguous, and explicit and cannot be inferred from the conduct of the parties. Silberstein v. Silberstein, 850 F.2d 40 (7th Cir.1988); Adams v. Heckler, 794 F.2d 303, 307 (7th Cir.1986). This court has stated: "We see no virtue in 'permit[ting] our jurisdiction to depend on inferences where both the statute and common sense call for precision.' " Jaliwala v. United States, 945 F.2d 221, 224 (7th Cir.1991), quoting Silberstein, 859 F.2d at 42.
 
 
 12
 Section 636 provides that rules of court "for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent." 28 U.S.C. § 636(c)(2). A knowing and voluntary waiver is essential. United States v. Lake, 910 F.2d 414 (7th Cir.1990) (plaintiff knowingly waived her right to a judicially conducted voir dire where magistrate carefully explained her right to consent or not; and plaintiff stated for the record that she had discussed the choice with her attorney, understood her options, and would consent). Even in the civil context, "[t]he applicable legislative history indicates that consent to reference was considered to be a vital element ... to ensure that referral would not violate constitutional rights." Calderon v. Waco Lighthouse for the Blind, 630 F.2d 352, 355 n. 3 (5th Cir.1980) (and legislative history cited therein).
 
 
 13
 On November 25, 1991, the day of trial, plaintiff appeared before Magistrate Cohn. A discussion was held, where plaintiff's counsel and Magistrate Cohn treated the case as though no prior consent had been given by plaintiff:
 
 
 14
 [PLAINTIFF'S COUNSEL]: * * * I explained to [plaintiff] that the trial will take place today before you and this his answers as to whether or not he consents will have a result only in where appeals might go; that if he consents to the trial today, then any appeals would go to the 7th Circuit.
 
 
 15
 THE COURT: That's correct. Any appeal would go to the 7th Circuit. The Court of Appeals.
 
 
 16
 [PLAINTIFF'S COUNSEL]: If he does not consent, any appeals would go to Judge [Stiehl]. I have not gotten what I understand to be a clear indication from my client as to where he stands on the issue.
 
 
 17
 THE COURT: Mr. Ortiz, could you speak to that?
 
 
 18
 [PLAINTIFF]: I still request a trial by jury from a U.S. District Judge. Here is a letter that I sent to [my attorney] dated February 28, 1991, requesting a trial by jury from the U.S. District Judge. It was notarized 3/5/91, which was the day it was mailed. Why you did not have knowledge of this letter and another letter attached to it is beyond me.
 
 
 19
 THE COURT: Having dealt with the matter of a jury trial, though, what's your position on whether to proceed today on a bench trial before me as a magistrate judge or whether you wanted to--and as I have explained to you, any judgment, if you wish to appeal it, would go to the 7th Circuit Court of Appeals. If you wish to present evidence on why you want to withdraw your consent and if I granted that motion, then there would be an appeal. The appeal would be, if you wish to make it, to the District Judge.
 
 
 20
 PLAINTIFF: I would like for it to go to the 7th Circuit.
 
 
 21
 THE COURT: Okay."
 
 
 22
 At that point, the bench trial was held.[5] We find that nothing that occurred during this discussion between plaintiff, his attorney and Magistrate Cohn demonstrates that valid consent was given.[6]
 
 
 23
 In Lovelace v. Dall, 820 F.2d 223 (7th Cir.1987), plaintiff signed the standard consent for referring a case to a magistrate judge. However, just as the trial was to begin, plaintiff stated, "if it is possible I would like to make an oral motion to be tried by the Judge." Lovelace, 820 F.2d at 225. The magistrate judge carefully explained that consent could only be withdrawn for good cause; questioned the pro se plaintiff about his education and what parts of the consent form he misunderstood; explained the differences between a magistrate judge and an Article III judge; explained why he had denied appointing counsel and that he could appeal that question to the court of appeals. Plaintiff said, "okay," and the case proceeded to trial. This court held that although plaintiff's "okay" after a magistrate judge's explanation of the consent issue was ambiguous, the prior written consent form signed by plaintiff was sufficient to show consent.
 
 
 24
 "The magistrate gave plaintiff the opportunity to show that the consent was not voluntary, but prior to the magistrate making a determination on the voluntariness of the consent, plaintiff dropped his objections as to the validity of the original consent. Therefore the signed consent form stands as is and it constitutes a valid, unambiguous, clear, and explicit consent to having this case referred to the magistrate. We note for the future, though, that in similar situations it would be advisable to obtain a second signed consent, or an express statement on the record, so as to insure there can be no ambiguity." Lovelace, 820 F.2d at 226. (Emphasis added.)
 
 
 25
 In Lovelace, then, the court was able to fall back on the original written consent. Here, we have nothing to fall back on since we have found that, due to the communication difficulties between plaintiff and his attorney, there was no valid consent signed by either plaintiff or by his counsel with plaintiff's authorization. We are left with the conversation between Magistrate Judge Cohn and plaintiff on the first day of trial. After examining the "colloquy before the trial commenced," we find that "we cannot discern an unambiguous consent to the entry of final judgment by a magistrate." Lovelace, 820 F.2d at 226. The description used in Lovelace applies equally here:
 
 
 26
 "At the point that plaintiff said 'Okay' he may have meant he was consenting to the trial before the magistrate. But he might have simply meant 'okay, I understand,' or 'okay, I understand why you denied counsel,' or 'okay I'll wait to appeal your decision not to allow me a trial before a judge.' Since there are alternative meanings, it can not be found that plaintiff unambiguously consented. Additionally, the fact that he raised no further objection can not be directly considered as his consent since the necessary consent can not be inferred from conduct." Lovelace, 820 F.2d at 226.
 
 
 27
 Plaintiff may have understood that if plaintiff withheld his consent, Magistrate Judge Cohn could nonetheless hold an evidentiary hearing and submit a report and recommendation to the district court ( see McCarthy v. Bronson, 111 S.Ct. 1737 (1991), in which case the district court would enter judgment and plaintiff, if unsuccessful, could then appeal to the court of appeals. If, however, Magistrate Cohn was discussing the appeal process from a valid judgment entered with consent of the parties by a magistrate judge, the appeal may go to the district court with the consent of the parties; otherwise the appeal goes to the court of appeals. 28 U.S.C. § 636(c)(3), (4). If the appeal goes to the district court by consent, subsequent review is by the court of appeals upon petition for leave to appeal. 28 U.S.C. § 636(c)(5).
 
 
 28
 We conclude that plaintiff did not consent to have a magistrate judge enter a final judgment in this case. Consequently, the magistrate did not have jurisdiction to enter a final judgment and we do not have jurisdiction to hear this appeal. Because appellate jurisdiction does not exist in this case, we will not resolve any of the other issues raised by plaintiff.
 
 
 29
 For these reasons, the judgment of the magistrate judge is VACATED and the cause is REMANDED to the district court for further proceedings consistent with the holdings contained herein.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a): Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Other arguments include: that the evidence did not support the magistrate judge's findings of fact; and that he was denied effective assistance of counsel by his appointed counsel. Plaintiff also argues that the magistrate judge erred in prohibiting plaintiff from submitting the following evidence: testimony of two physicians and four nurses regarding plaintiff's physical condition following the alleged beatings; testimony of a correctional officer about the disciplinary reports; evidence showing plaintiff was not violent and should not have been in the circuit rider program; evidence that prison officials falsified behavioral documents regarding plaintiff in order to encourage attacks on him by guards; evidence to show that prison officials were "trying to alter plaintiff's personality from a non-violent one to an extremely violent one so [his] personality conformed to the falsified violation history placed into plaintiff's file"; and evidence that guards routinely handcuffed inmates and viciously beat them without provocation
 
 
 [3]
 On June 8, 1989, defendants' attorney had signed a written consent to proceed before a magistrate judge
 
 
 [4]
 The motion states: "[P]laintiff's counsel gave tentative consent to have plaintiff's above-referenced cause tried before a Magistrate, Judge Gerald B. Cohn. The motion stated further that plaintiff's attorney sent plaintiff a letter notifying him of the tentative consent, but received no response from plaintiff. Plaintiff maintains that he never received the letter."
 
 
 [5]
 During trial, plaintiff's counsel apparently filed a motion with Judge Stiehl regarding the consent issue. Judge Stiehl ruled that the consent could not be withdrawn. We need not address this, however, since we have already found that no valid consent ever existed, there obviously would be nothing to withdraw
 
 
 [6]
 Cf. Germane v. Heckler, 804 F.2d 366 (7th Cir.1986) (court finds it is "hard to imagine a record that demonstrates a more informed or voluntary consent to trial before a magistrate" where plaintiff's attorney wrote to her explaining that a magistrate would try the case, plaintiff argued she only meant to consent to the magistrate hearing pre-trial matters, and plaintiff herself was an attorney)