**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Deborah LAKE, Defendant–Appellant.**

**No. 89–2852.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1990.

Decided Aug. 10, 1990.

Rehearing Denied Sept. 7, 1990.

415

Byron G. Cudmore, Asst. U.S. Atty., Springfield, Ill., for plaintiff-appellee.

Michael J. Costello, Immel, Zelle, Ogren, McClain, Germeraad & Costello, Springfield, Ill., for defendant-appellant.

Before BAUER, Chief Judge, and CUMMINGS and KANNE, Circuit Judges.

BAUER, Chief Judge.

Deborah Lake was convicted by a jury of embezzlement and misapplication of Credit Union funds in violation of 18 U.S.C. § 657, and sentenced to five years imprisonment. On appeal, Lake raises four issues. First, she contends that a federal magistrate conducted her *voir dire* in violation of the Supreme Court's decision in *Gomez v. United States*, — U.S. —, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). Second, the court improperly allowed expert testimony on the ultimate question of her mental state in violation of Fed.R.Evid. 704(b). Third, a proposed instruction regarding her mental condition was improperly rejected. And finally, the evidence was insufficient to prove her guilty beyond a reasonable

1. 18 U.S.C. § 657 provides in part:
 Whoever, being an officer, agent or employee of or connected in any capacity with ... any land bank, intermediate credit bank, bank for cooperatives or any lending, mortgage, insurance, credit or savings and loan corporation or association authorized or acting under the laws of the United States or any institution the accounts of which are insured by the Federal

doubt. We reject these claims and now affirm.

I.

Deborah Lake served as the Secretary–Treasurer and bookkeeper for the Chemical Employees Credit Union in Illiopolis, Illinois. During an eight-month period from July, 1986 through February, 1987, Lake, by her own admission, forged 22 checks in various amounts and issued herself an unauthorized $750.00 loan. Following an internal audit, bank officials discovered that, due to Lake's actions, they had lost approximately $4,000.00.

On January 26, 1989, Lake was charged in the Central District of Illinois with embezzlement and misapplication of funds from a federally insured institution under 18 U.S.C. § 657.[1] Defense counsel subsequently notified the district court that Lake might present a defense of insanity at trial pursuant to 18 U.S.C. § 17. The court then issued an order requiring Lake to submit to a psychiatric examination by Dr. Philip Bornstein.

On April 24, 1989, jury selection was conducted before U.S. Magistrate Charles Evans. Prior to the selection process, defense counsel notified Magistrate Evans that Lake would consent to the magistrate's supervision, if she could preserve her right to raise the issue on appeal should subsequent decisions indicate that the magistrate lacked authority to conduct the *voir dire*. The magistrate refused this conditional consent. Counsel was given the option of full consent or a jury selected by the district court. The defendant was then brought before Magistrate Evans. Beginning with an explanation of the role of a federal magistrate and how this differs from that of a federal judge, Magis-

Savings and Loan Insurance Corporation or by the Administrator of the National Credit Union Administration ... embezzles, abstracts, purloins or willfully misapplies any moneys, funds, credits, securities or other things of value belonging to such institution, or pledged or otherwise intrusted to its care, shall be fined not more than $5,000 or imprisoned not more than five years, or both;[.]

trate Evans concluded his discussion with Lake by stating:

> ... before I pick a criminal jury for Judge Mills I make sure that both sides have no objection to me doing that and that it's agreeable with them for me to do that. You don't have to do it. If you don't want to agree to it, then there's no pressure put on you, there's no hard feelings about it or anything, why then Judge Mills will pick the jury himself. But I want to make sure that there is no possible problem with it at all as far as you're concerned. The government says they have no problem with it.

Lake then consented, stating for the record that she had discussed the choice with her attorney and understood her options.

A jury was then selected and empaneled, and a full trial began on April 25, 1989. Three psychiatrists presented various theories on Lake's psychological condition. Dr. Patil, Lake's treating psychiatrist, testified for the defense about Lake's traumatic childhood and the treatment he provided for Lake's severe depression (which included a suicide attempt), beginning in October, 1987. Dr. Becker also testified for the defense that while Lake was not psychotic she did suffer from kleptomania or an unexplained compulsion to steal. In contrast, Dr. Bornstein testified for the government that on the basis of his examination he believed that Lake was not suffering from any severe psychological disease at the time of the offense and simply embezzled because she wanted the money. Lake also took the stand in her own defense. She admitted forging the signatures at issue in the case, and embezzling the funds. Further, she admitted that she was aware that what she had done was against the law, but that she had knowingly committed the acts in spite of this.

The jury returned a verdict of guilty on April 26, 1989. Lake was sentenced on August 21, 1989 to five years imprisonment in a facility where she could receive psychiatric treatment. She subsequently filed a timely notice of appeal on August 29, 1989.

## II.

Although Lake raises four issues on appeal, only one merits extended discussion: whether a federal magistrate, with defendant's consent, may conduct jury selection in a felony case. The Supreme Court held in *Gomez v. United States*, —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), that a magistrate may not preside when the defendant objects. Various circuits have since probed the edges of this decision. *See e.g. United States v. Lopez–Pena*, 890 F.2d 490 (1st Cir.1989) (withdrawn from publication pending disposition of petition for rehearing); *United States v. Musacchia*, 900 F.2d 493 (2d Cir.1990); *United States v. Mang Sun Wong*, 884 F.2d 1537 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990); *Virgin Islands v. Williams*, 892 F.2d 305 (3d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2211, 109 L.Ed.2d 537 (1990); *United States v. Sawyers*, 902 F.2d 1217 (6th Cir.1990); *United States v. France*, 886 F.2d 223 (9th Cir.1989). *United States v. Wey*, 895 F.2d 429 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 3283, 111 L.Ed.2d 792 (1990), represents our sole encounter with the limits of *Gomez* in the criminal context.[2] In *Wey*, we held that a defendant who acceded to the magistrate's role in the selection process and failed to mention *Gomez* in his opening appellate brief had effectively waived any objection. *Id.* at 430. Further, we held that participation by the magistrate was not "plain error" and did not deprive the district court of jurisdiction, meaning authority, to hear defendant's case. *Id.* at 431. We expressly did not reach the question of whether a defendant's consent authorizes a magistrate to conduct *voir dire. Id.* This case now squarely presents that issue.

The Federal Magistrates Act of 1968, 28 U.S.C. §§ 631–639, established the modern

---

**2.** Recently this court has held that in civil cases a magistrate does not have authority under 28 U.S.C. § 636(b) to conduct *voir dire* without the consent of the parties. *See Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1368–71 (7th Cir.1990).

magistrate system and enumerated the powers of these officers. In addition, the legislation provides "[a] magistrate may be assigned such duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). *Gomez* read the statute and the section assigning these "additional duties" to preclude the magistrate's selection of a jury in felony cases without the consent of the defendant. 109 S.Ct. 2237. The Court reasoned that jury selection was a critical stage of a criminal proceeding. A trial court must analyze not only spoken words, but "gestures and attitudes of all participants to ensure the jury's impartiality." *Id.* at 2247. Because Congress made no reference to the proper standard of review of a magistrate's selection, nor any reference to jury selection in either the statute or its legislative history, the Court concluded a magistrate was not empowered by the statute to participate in the face of defendant's objection. *Id.* at 2247–48.

Several circuits have subsequently limited *Gomez* to those situations where a defendant openly objects to the magistrate's participation in *voir dire*. The Second Circuit has visited this issue several times. In *Wong*, 884 F.2d 1537, the court held that, given the explicit consent of the defendant, a magistrate may conduct *voir dire*. The court broadened this holding in *United States v. Vanwort*, 887 F.2d 375 (2d Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1927, 109 L.Ed.2d 290 (1990), to include those situations where a defendant has merely failed to object to the magistrate's participation. *See also, United States v. Musacchia*, 900 F.2d 493 (2d Cir.1990) (affirming *Wong* and *Vanwort*). Similarly, the Third Circuit has held that in the absence of an objection by the defendant, a magistrate may conduct jury selection. *Virgin Islands v. Williams*, 892 F.2d 305, 309–10 (3d Cir.1989). The Sixth Circuit has recently adopted this view as well. *See Sawyers*, 902 F.2d at 1220 (*Gomez* limited to situations in which defendant objects).

The lone opposing view comes from the Ninth Circuit. *See France*, 886 F.2d 223. In *France,* the court held that a magistrate's participation in jury selection was plain error requiring reversal. *Id.* at 226–27. Moreover, the court held that, given the depth of its decisions upholding the magistrate's authority prior to *Gomez,* a defendant could not have been expected to object to this procedure, and therefore any failure to object would not bar raising the issue on appeal. *Id.* at 227–28. Significantly, *France* considered only a defendant who had failed to object rather than one, as here, who openly consented to the magistrate's participation.

 We adopt the majority position today, and hold that where the defendant consents to such participation, a federal magistrate may conduct the selection of a jury in a felony case. The Supreme Court in *Gomez* specifically left open the question of whether a defendant in a felony trial has a constitutional right to a judicially conducted *voir dire*. *Gomez*, 109 S.Ct. at 2246 n. 25. Appellant does not raise that issue here, and we do not reach it. Nevertheless, a defendant may knowingly waive several constitutionally guaranteed rights. The right to counsel, *see Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), the right to trial by jury, *see Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), the right to confrontation of witnesses, *see Brookhart v. Janis,* 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966), are waivable at the defendant's option. *See also Virgin Islands v. Williams,* 892 F.2d at 311. Jury selection is no more critical than these constitutionally guaranteed rights. Lake consented to the participation of Magistrate Evans in the selection of her jury after the consequences of this choice were carefully explained to her. She, therefore, knowingly waived her right to a judicially conducted *voir dire*. The procedures used here did not conflict in any way with the Supreme Court's holding in *Gomez*.

 Lake's remaining contentions are wholly without merit and are easily dismissed. We first turn to the claim that the court improperly allowed expert testimony on the question of the defendant's mental

state in violation of Fed.R.Evid. 704(b). Rule 704(b) provides:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Lake contends that the trial court allowed testimony prohibited by this rule when it permitted the government, on two separate occasions, to ask psychiatrists, Dr. Becker and Dr. Bornstein, to discuss the written conclusions of Dr. Radecki, another consulting psychiatrist regarding Lake's mental condition. Lake argues that such testimony amounted to an opinion by these doctors on the ultimate issue of her mental capacity to form the necessary intent. Lake, however, bears a heavy burden in raising such a claim, as the trial judge has broad discretion on evidentiary rulings and we will only overturn such rulings for a clear abuse of that discretion. *United States v. Herrero*, 893 F.2d 1512 (7th Cir. 1990).

■ In this case, the court did not abuse its discretion. Dr. Becker was asked by the government whether he had considered the report of Dr. Radecki, Lake's treating psychiatrist, in forming his view of her mental state. This does not reach the final issue of intent, nor could it reasonably be stretched to reach it. The dispute between the various psychiatrists summoned by the government and the defense was a central issue in the case. The government was entitled to point out the inconsistencies among Lake's raft of experts. The court was well within its discretion in allowing this testimony, and no conflict with Rule 704(b) exists. The defense did not raise an objection to a similar question to Dr. Bornstein who testified for the government. Therefore, his testimony is reviewed under the plain error standard. *See United States v. Myers*, 892 F.2d 642, 645 (7th Cir.1990). As before, the dispute between various experts was fair ground for the government to explore and no error was committed.

■ Lake also objects to the court's failure to offer her tendered instruction regarding her mental condition. The defense requested the following instruction:

> Any evidence of the Defendant's mental condition may be considered by you in determining whether or not the Defendant possessed the intent to defraud the Chemical Credit Union of Illiopolis, Illinois.

The court refused. On appeal, we must view instructions to the jury not in lonely isolation, but as an integrated whole. As we have stated, "As long as the instructions treat the issues fairly and adequately, they will not be interfered with on appeal." *United States v. Sims*, 895 F.2d 326, 329 (7th Cir.1990). Lake's tendered instruction is not part of the Seventh Circuit Pattern Jury Instructions, nor was it required by the particular facts of this case. Lake's defense of insanity was adequately presented to the jury and the instructions explained this defense. The proposed instruction is overly broad and adds nothing to the information available to the jury. The court's rejection was appropriate.

■ Finally, Lake contends that the evidence was insufficient to prove her guilt beyond a reasonable doubt. Given Lake's admission of forgery and embezzlement in open court, and the stipulation that the Credit Union was federally insured, there can be little doubt, under the most forgiving standard of review, that Lake was guilty. Viewing the evidence in the light most favorable to the government, as we must, *see United States v. Briscoe*, 896 F.2d 1476, 1504 (7th Cir.1990); *United States v. Pritchard*, 745 F.2d 1112, 1122 (7th Cir.1984), there can be no doubt whatsoever.

### III.

Despite Lake's strong protestations to the contrary, she received a fair trial and her conviction and sentence shall stand. Where a defendant openly consents to the participation of a federal magistrate in the selection of the jury, no objection based on

419

that participation may be raised on appeal. Here, Lake knowingly and voluntarily waived her right to a judicially conducted *voir dire* and she cannot now contend that the magistrate lacked authority to select her jury. Beyond this, Lake's contention that improper expert testimony was admitted into evidence is meritless, as is her challenge to the court's rejection of her proposed instruction regarding her insanity defense. Finally, Lake's challenge to the sufficiency of the evidence must fail; given her own admissions, there was clearly proof of her guilt beyond a reasonable doubt. The verdict below is, therefore,

AFFIRMED.