2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James H. DUNVILLE, Plaintiff-Appellant,
v.
G. Michael BROGLIN, et al., Defendants-Appellees.
 No. 91-3189.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 18, 1993.*
Decided Aug. 18, 1993.
 
 Before POSNER and FLAUM, Circuit Judges, and EASTERBROOK, Circuit Judge.
 
 Order
 
 1
 James H. Dunville, an inmate at the Westville Correctional Center, appeals from the magistrate judge's entry of summary judgment on various claims relating to the conditions of his confinement. He also appeals from the jury's verdict in favor of the defendants on two issues that went to trial.
 
 
 2
 Dunville protests losing on summary judgment his allegation of denial of access to personal legal letters, papers, and materials. The magistrate judge correctly granted summary judgment on Dunville's arguments under the fourth and fourteenth amendments in light of Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 3
 His claim that the defendants forcibly administered psychotropic medication in violation of the eighth amendment also did not require a trial. The magistrate judge properly held that the defendants were entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). What is more, Dunville has not argued that he endured any injury, even minor discomfort, from taking the prescribed medication. Although the Constitution recognizes a prisoner's right to be free of cruel and unusual punishment even if he does not sustain significant injury, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). Hudson v. McMillian does not remove the requirement that a prisoner allege some sort of injury. Dunville never says what harm, if any, he suffered. Consequently, his constitutional claim is untenable.
 
 
 4
 The next argument concerns Dunville's constitutional right of access to legal resources. The jury decided this issue in favor of the defendants, and Dunville cannot easily topple that verdict. "The jury is the trier of fact, charged with determining the credibility of the witnesses, weighing the evidence, and drawing reasonable inferences. Its findings are traditionally given great weight. ... [T]he burden is squarely on the defendant to demonstrate the evidence is indeed insufficient to support the jury's verdict." Littlefield v. McGuffey, 954 F.2d 1337, 1348 (7th Cir.1992). A rational jury could have concluded that the defendants did not infringe Dunville's constitutional rights.
 
 
 5
 Dunville also challenges the jury's verdict in favor of the defendants on the claim that he was subjected to unnecessary pain when a number of corrections officers attempted to subdue him in his cell. Although Dunville complained that the melee resulted in bruises and a dislocated shoulder, medical records, including X-rays taken the next day, show neither injuries nor bruises. No injury, no recovery. Moreover, Dunville did not demonstrate that the guards' use of force was anything but "a good faith effort to maintain or restore discipline". Whitley v. Albers, 475 U.S. 312, 320 (1986) (quotations and citations omitted). The jury's verdict is supported by the evidence.
 
 
 6
 Last, Dunville alleges that the prosecutor influenced the magistrate judge to strike from the jury the only black member of the venire. He does not explain how this supposed influence occurred. And the transcript does not show that he objected either to the magistrate judge's questions to potential jurors or to the defendants' use of peremptory strikes. When given the opportunity to object to the final composition of the jury, Dunville did not do so. A defendant who consents to a magistrate judge's involvement in jury selection cannot object to that participation on appeal. United States v. Lake, 910 F.2d 414, 418-19 (7th Cir.1990); United States v. Jones, 938 F.2d 737, 744 (7th Cir.1991). By the same token, a defendant cannot wait until the case is on appeal to challenge the magistrate judge's selection of jurors or to accuse the defense of making constitutionally impermissible peremptory strikes. Cf. Farmer v. Prast, 721 F.2d 602, 606 (7th Cir.1983). Dunville accepted the method of jury selection and the chosen jury. We find no plain error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record