United States Court of Appeals,

Eleventh Circuit.

No. 93-9191.

Patricia HAYNES, Plaintiff-Appellant,

v.

W.C. CAYE & COMPANY, INC., Defendant-Appellee.

May 19, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:91-CV-2844-JEC), Julie E. Carnes, Judge.

Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and PAINE,[*] Senior District Judge.

ANDERSON, Circuit Judge:

Patricia Haynes, a white female in her late fifties, brought this action against her employer W.C. Caye & Co., a Georgia corporation. Haynes sued pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), and the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. (Title VII). A bench trial was held before a magistrate judge pursuant to Local Rule 920-2 which requires that all Title VII cases be referred at the time of filing to full time magistrate judges under the authority of 42 U.S.C. Section 2000e-5(f)(5), Local Rule 920-2, Internal Operating Procedures, Northern District of Georgia.

This opinion will address two of the issues raised by appellant in this appeal;[1] with respect to each, we set out the

---

[*] Honorable James C. Paine, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

[1] Haynes' allegations regarding the unconstitutionality of Local Rule 920-2's delegation of authority to the magistrate judge was not raised before appeal and, thus, will not be heard

facts and background necessary for an understanding of our decision. First, we address Haynes' claim that the district court improperly denied her a jury trial on her age discrimination claim. We hold that Haynes consented to trial by the magistrate judge sitting without a jury. Second, we address Haynes' claim that the court below erred in its consideration of her Title VII sex discrimination claim by failing to recognize that certain evidence could be direct evidence of discrimination. We agree with Haynes in this regard, and therefore vacate the judgment with regard to the sex discrimination claim and remand.

I. HAYNES' CLAIM TO A JURY TRIAL ON HER AGE DISCRIMINATION CLAIM

Haynes argues on appeal that she retains a right to a jury trial on her age discrimination claim because she filed a valid jury demand pursuant to Rule 38, Fed.R.Civ.P. Federal Rule of Civil Procedure 39(a) provides in relevant part:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....

On November 6, 1992, the parties, through their attorneys of record, signed and filed with the court a Joint Preliminary Statement and Scheduling Order [R1-15-3] which provided in relevant part:

---

here. Haynes argument that the magistrate judge's credibility findings are not supported by the record as well as her contention that the magistrate judge failed to recognize that any beliefs allegedly held by Caye, Jr. regarding Haynes' performance were not in good faith are both without merit and warrant no discussion.

(c) The legal issues to be tried are as follows:

The issue presented to the Court is whether the Defendant discriminated against the Plaintiff by reason of age or sex with respect to compensation, terms, conditions, and privileges of employment.

The parties' Joint Preliminary Statement and Scheduling Order was filed on November 6, 1992, almost a year after the case was referred to the magistrate judge. Immediately thereafter, on November 19, 1992, the magistrate judge scheduled the case for trial before him. It is clear that this order was based upon the parties Joint Preliminary Statement and Scheduling Order, and thus contemplated a trial before the magistrate judge of both the Title VII sex discrimination claim and the age claim. Moreover, the trial was conducted before the magistrate judge with no objection from Haynes. Haynes did not object to the nonjury trial of her age claim until after the magistrate judge issued his report and recommendation; Haynes' first raised the issue in her objections to the magistrate judge's report and recommendation.[2]

Under these circumstances, we conclude that Haynes consented to nonjury trial of both her sex discrimination and her age discrimination claims before the magistrate judge. The aforementioned Joint Preliminary Statement and Scheduling Order was signed by the attorneys of record for both parties and filed with the court. That Joint Preliminary Statement and Scheduling Order clearly submitted to the magistrate judge for decision both the sex claim and the age claim. In the language of the Joint Preliminary Statement and Scheduling Order itself, "[t]he issue presented to

---

[2]Even at that late stage, her objection was vague.

the Court is whether the defendant discriminated against the plaintiff by reason of age or sex."  In context, the language "presented to the Court" clearly submitted the age claim as well as the Title VII sex claim to the magistrate judge for a bench trial.

Although a waiver of a valid jury demand " "is not to be lightly inferred' ", *Dell'Orfano v. Romano,* 962 F.2d 199, 202 (2d Cir.1992) (citation omitted), and waivers should be scrutinized " "with the utmost care' ".  *Banff, Ltd. v. Colberts, Inc.,* 996 F.2d 33, 36 (2d Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 599, 126 L.Ed.2d 564 (1993), we have no difficulty in this case finding a clear consent to a nonjury trial before the magistrate judge.[3]

## II. HAYNES' CLAIM OF DIRECT EVIDENCE OF DISCRIMINATION IN HER TITLE VII SEX DISCRIMINATION CASE

A. *Facts[4] and Proceedings Below*

After Charles G. (Pete) Caye, Jr. ("Caye, Jr.") became president of appellee, he decided to create a position with the sole function of overseeing collections.  The case involves Haynes' promotion to this new position.  Caye, Jr. sought the advice of long time employee Nelson.  Nelson recommended Haynes for the

---

[3]Other circuits have indicated that the conditions of Rule 39 were met even in situations less obvious than the one at bar. For example, the requirements of Rule 39 have been interpreted to " "encompass orders entered by the court and not objected to.' " *Sewell v. Jefferson Co. Fiscal Court,* 863 F.2d 461, 464 (6th Cir.1988), *cert. denied,* 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989) (citation omitted).  In addition, failure to object to a nonjury factfinding proceeding might waive a valid jury demand as to any claims decided in that proceeding, "at least where it was clear that the court intended to make fact determinations." *Lovelace v. Dall,* 820 F.2d 223, 227 (7th Cir.1987).

[4]*Although only the facts necessary to an understanding of our decision are set out, the crucial facts are for the most part taken verbatim from the magistrate judge's report and recommendation.*

position, but Caye, Jr. was hesitant to accept the recommendation, asking Nelson if he thought it would require a man to do the job. Nelson persisted in his recommendation and a meeting was held between Caye, Jr., Nelson and Haynes. At the meeting, Caye, Jr. asked Haynes whether "a sweet little old lady could get tough enough with the customers and collect the money." Haynes assured Caye, Jr. that she could handle the job, and the job was offered to her on a trial basis. During Haynes' tenure in the new position, Caye, Jr. stated to her: "You know, Pat, I felt that a woman was not competent enough to do this job, but I think maybe you're showing me that you can do it." Haynes sought clarification of his meaning, and Caye, Jr. stated that he meant that women were simply not tough enough.

Amongst his other findings, the magistrate judge held that Caye, Jr.'s comments did not constitute direct evidence of discrimination. The magistrate judge also found that plaintiff had failed to satisfy her ultimate burden of proving discriminatory intent and that plaintiff had not been constructively discharged.[5] In addition, the magistrate judge assumed arguendo that Caye, Jr.'s chauvinistic attitudes played some role in the decision, but then, in conclusory fashion, found that the decision to remove Haynes from the new position would have been made regardless of these chauvinistic attitudes. The magistrate judge's report and recommendation was adopted by the district court.

---

[5]The courts below did not address Haynes' claim that even if she were not constructively discharged, she was demoted based on gender discrimination. This claim should be addressed on remand.

B. *Analysis*

We conclude, contrary to the magistrate judge's conclusion, that some of Caye, Jr.'s comments could constitute direct evidence of discrimination. Because we are unable to ascertain whether or not, and the extent to which, this error affected the magistrate judge's other findings, we conclude that it is appropriate to vacate the judgment of the district court and to remand for further consideration in light of this opinion.

We conclude that at least two of Caye, Jr.'s comments could constitute direct evidence of discriminatory intent, his statement to Haynes that women were simply not tough enough to do the job, and his earlier suggestion to Nelson that it would require a man to do the job.[6] The direct evidence in the instant case is indistinguishable from some of the evidence which the Supreme Court in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), considered as direct evidence. One item of evidence relied upon by the Supreme Court in that case—"one partner repeatedly commented that he could not consider any woman seriously as a partnership candidate and believed that women were not even capable of functioning as senior managers", *id.* at 236, 109 S.Ct. at 1783—cannot be distinguished from the evidence in this case. Indeed, a statement that members of a racial minority in general or

---

[6]Because binding precedent clearly indicates that these two comments are direct evidence, see *infra,* we need not address whether Caye, Jr.'s "sweet little old lady" comment also could constitute direct evidence. Similarly, with respect to Caye, Jr.'s comments about another position—i.e. Kathy Carr's statement that she really had to fight for her position because Caye, Jr., wanted a man in that role—we need not address whether that could constitute direct evidence of discrimination in this case.

women in general are simply not competent enough to do a particular job would seem to be a classic example of direct evidence.[7] With respect to the quoted evidence and other similar evidence, the Supreme Court held that once a plaintiff "shows that gender played a motivating part in an employment decision, the defendant may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed gender to play such a role." *Id.* at 244-45, 109 S.Ct. at 1787-88.[8]

In *Caban-Wheeler v. Elsea,* 904 F.2d 1549 (11th Cir.1990), a white plaintiff had occupied the position of director of a particular program in the Fulton County Health Department. She was terminated, and brought a discrimination claim. This court held that a statement by one of the black decision makers that "the ... program needed a black director," *id.* at 1555, constituted direct evidence of discrimination.

Following *Price Waterhouse* and *Caban-Wheeler,* we conclude that the above-identified comments by Caye, Jr. in the instant case could constitute direct evidence of discrimination. *See also Thompkins v. Morris Brown College,* 752 F.2d 558, 561, 563-64 (11th

---

[7]Of course, this case involves and our reference is to a job with respect to which it is not claimed that gender is a bona fide occupational qualification (BFOQ). The Supreme Court in *Price Waterhouse* referred to the BFOQ situation as analogous; there also the burden of persuasion is upon the employer to show why it must use gender as a criterion. *Id.* at 247-48, 109 S.Ct. at 1789.

[8]To the same effect, see *Price Waterhouse,* 490 U.S. at 276, 109 S.Ct. at 1804 (O'Connor, J., concurring) ("Once a Title VII plaintiff has demonstrated by direct evidence that discriminatory animus played a significant or substantial role in the employment decision, the burden shifts to the employer to show that the decision would have been the same absent discrimination.").

Cir.1985) (statement by decisionmaker that he saw no need for a woman to have a second job constituted direct evidence of discriminatory intent); *Bell v. Birmingham Linen Service,* 715 F.2d 1552, 1557 (11th Cir.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984); *Wilson v. City of Aliceville,* 779 F.2d 631 (11th Cir.1986) (citing *Miles v. M.N.C. Corp.,* 750 F.2d 867, 873-76 (11th Cir.1985) for proposition that racial slurs made by employment decisionmakers can constitute direct evidence of discrimination).

In a discrimination case in which a plaintiff adduces direct evidence of discrimination, the trial judge must initially make a credibility finding as to whether or not plaintiff's proffered direct evidence of discrimination is to be believed. *Caban-Wheeler,* 904 F.2d at 1555 (quoting *Thompkins,* 752 F.2d at 1564). The trial court must also make a finding of fact as to whether or not the decision maker "relied upon sex-based considerations in coming to its decision." *Price Waterhouse,* 490 U.S. at 242, 109 S.Ct. at 1786. In other words, the fact finder must determine whether "gender played a motivating part in an employment decision." *Id.* at 244, 109 S.Ct. at 1787. *See also id.* at 276, 109 S.Ct. at 1804 (O'Connor, J., concurring) (Once plaintiff "has demonstrated by direct evidence that discriminatory animus played a significant or substantial role in the employment decision, the burden shifts to the employer to show that the decision would have been the same absent discrimination."). If the trial court both credits the direct evidence and finds that the evidence played a substantial role in the employment decision at issue, then the

defendant can avoid liability only by proving that it would have made the same decision even if it had not allowed such discrimination to play a role.  *Id*. at 243-46, 109 S.Ct. at 1787-88.

It is clear in this case that the court below did make a credibility finding that the above-identified direct evidence of discrimination was credible.  However, it is also clear that the court below erroneously failed to treat the aforesaid comments of Caye, Jr., as direct evidence of discrimination.  Because we cannot ascertain the extent to which this error affected the court's other crucial findings, we vacate the judgment of the district court with respect to Haynes' gender discrimination claim, and remand for further consideration in light of this opinion.  For example, the court on remand must take into consideration the direct evidence of discrimination along with all the other evidence, and then make findings of fact as to whether such direct evidence played a substantial role in Caye, Jr.'s decision to remove Haynes from the new position.[9]  If the court finds in the affirmative, i.e., that gender discrimination played a substantial role, then appellee may avoid liability only by proving its affirmative defense;  in other words, after plaintiff has proved intentional discrimination, appellee "may avoid a finding of liability only by proving that it would have made the same decision even if it had not allowed gender

---

[9]The court below will have to determine, *inter alia,* whether Caye, Jr., put aside his chauvinistic attitudes such that they did not play a substantial role in the decision.  For example, the opinion that women are simply not tough enough came in the context of Caye, Jr.'s indication of efforts to overcome such chauvinistic attitudes.

to play such a role." *Price Waterhouse,* 490 U.S. at 244-45, 109 S.Ct. at 1787-88. The court should make full findings of fact in that regard.

## III. CONCLUSION

For the foregoing reasons, the judgment in favor of appellee on Haynes' age discrimination claims is affirmed, but the judgment on the sex discrimination claim is vacated and the case is remanded for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.