**Rose REESEMAN, Plaintiff,**

v.

**PINELLAS RENT–A–CAR, INC., Defendant.**

**No. 96–1815–CIV–T–24(A).**

United States District Court, M.D. Florida, Tampa Division.

Oct. 8, 1997.

Marcus A. Castillo, Haas & Castillo, P.A., Clearwater, FL, for Rose M. Reeseman.

Theodore C. Eastmoore, Arthur S. Hardy, Matthews, Hutton & Eastmoore, P.A., Sarasota, FL, for Pinellas Rent-A-Car, Inc.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court for consideration of Defendant's Motion for Summary Judgment (Doc. No. 16, filed July 1, 1997). Plaintiff filed a response on August 4, 1997 (Doc. No. 24).

Plaintiff Rose Reeseman commenced this action on September 11, 1996 (Doc. No. 1) alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 ("Title VII"), and the Florida Civil Rights Act of 1992, as amended, F.S. § 760.01, *et seq.* At the age of 55 or 56, Plaintiff was fired from her position of branch manager of "location 5". Complaint, ¶¶ 5 and 9. Plaintiff maintains that her discharge was discriminatory, inasmuch as it was based on Plaintiff's age and was also part of a larger pattern of discrimination toward female employees. Complaint, ¶¶ 8, 10, 14 and 18.

### A. Summary Judgment Standard

The Eleventh Circuit discussed the standard for granting summary judgment in *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (1993), *reh'g and reh'g en banc denied,* 16 F.3d 1233 (11th Cir.1994):

> Federal Rule of Civil Procedure 56(c) authorizes summary judgment when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

*Hairston,* 9 F.3d at 918. The Eleventh Circuit recognized the seminal case concerning summary judgment, *Celotex Corp. v. Catrett,*

477 U.S. 317, 322–23, 106 S.Ct. 2548, 2551–52, 91 L.Ed.2d 265 (1986), by highlighting the following passage:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Id.* at 918. In conclusion, the Eleventh Circuit outlined the parties' respective burdens and the ruling court's responsibilities:

> The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. *Taylor v. Espy,* 816 F.Supp. 1553, 1556 (N.D.Ga. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. *Welch v. Celotex* 951 F.2d 1235, 1237 (11th Cir.1992); *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*[,] 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

Applicable substantive law will identify those facts that are material. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.* For factual issues to be considered genuine, they must have a real basis in the record. *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56. It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. The Court must avoid weighing conflicting evidence or making credibility determinations. *Id.* at 255, 106 S.Ct. at 2513. Instead, "[t]he evidence of the non-movant is to be believed in his favor." *Id.* Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." *Barfield v. Brierton,* 883 F.2d 923, 933–34 (11th Cir. 1989) (citation omitted).

*Id.* at 918–19. *See Mulhall v. Advance Sec. Inc.,* 19 F.3d 586, 589–90 (11th Cir.1994); *Howard v. BP Oil Co.,* 32 F.3d 520, 523–24 (11th Cir.1994).

## B. Analysis

■ At present, there are three ways in which a plaintiff may survive a motion for summary judgment in a discrimination case: (i) by offering direct proof of discriminatory intent, *see, e.g., Miles v.. M.N.C. Corp.,* 750 F.2d 867, 874–76 (11th Cir.1985), (ii) by using circumstantial evidence of discrimination to create a jury question, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), *and Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981),[1] or (iii) by showing a pattern of discrimina-

---

1. Under the *McDonnell Douglas* test, a plaintiff may survive a motion for summary judgment by making out a prima facie case of discrimination with circumstantial evidence. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Once done, the burden

tion, *Earley v. Champion Int'l Corp.* ., 907 F.2d 1077 (11th Cir.1990).

■ In the present case, Defendant argues that Plaintiff has failed to make a case of discrimination using direct evidence, and has failed, under the *McDonnell Douglas* framework, to make out a prima facie case of discrimination, or in the alternative, to show that Defendant's proffered reasons for discharging Plaintiff are a pretext for discrimination.[2] Defendant also asks the Court to impose the "same actor" presumption annunciated in *Proud v. Stone*, 945 F.2d 796 (4th Cir.1991).

■ The Court cannot grant Defendant's motion. Plaintiff has gone beyond the pleadings and offered evidence,—direct evidence,—raising a genuine issue of material fact as to whether Plaintiff was terminated because of her age. Plaintiff points to the testimony of a fellow employee who overheard a conversation between Mike Kastranakes, the company's president, and Andrew Walega, the company's general manager, wherein the two men agreed that Plaintiff was "too old" and it was time to get rid of her. *See* Johnson Depo. (Doc. No. 31), pp. 4–11. This is direct evidence of discrimination.[3]

Moreover, even if Plaintiff had not presented sufficient direct evidence of discrimination, she has presented ample circumstantial evidence of discrimination. Plaintiff has

---

shifts to the defendant to articulate a legitimate, non-discriminatory reason for the discharge. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. If a defendant meets that burden, the plaintiff must demonstrate with "significant probative evidence" that the defendant's reason is a pretext and that the real reason for the discharge is discriminatory. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Combs v. Plantation Patterns*, 106 F.3d 1519 (11th Cir.1997).

2. The Court notes that in making its arguments, Defendant makes no distinction between Plaintiff's claims of age discrimination under the ADEA and Plaintiff's claims of sex discrimination under Title VII.

3. "Although the question of whether the plaintiff has presented direct evidence is not always entirely clear, direct evidence relates to actions or statements of an employer reflecting a discriminatory or retaliatory attitude *correlating* to the discrimination or retaliation complained of by employee." *Caban–Wheeler v. Elsea*, 904 F.2d 1549, 1555 (11th Cir.1990) (emphasis added). In the present case, the statement to which Mr. Johnson testified, if believed, clearly reflects a discriminatory attitude which correlates to Plaintiff's termination. *See, e.g., Buckley v. Hospital Corp. of America, Inc.*, 758 F.2d 1525, 1530 (11th Cir.1985) (hospital administrator's statement that hospital needed "new blood" and that plaintiff's advancing age impeded her advancement constituted direct evidence of ADEA discrimination); *Lindsey v. American Cast Iron Pipe Co.*, 772 F.2d 799, 802 (11th Cir.1985) (director's statement that he wanted younger person for a job opening constituted direct evidence of age discrimination). *See also Haynes v. W.C. Caye & Co., Inc.*, 52 F.3d 928, 930 (11th Cir.1995) (reversing trial court and concluding that company president's statements that "a sweet little old lady" might not be tough enough for the job and that a

woman might not be competent for the position were direct evidence of discrimination); *Burns v. Gadsden State Community College*, 908 F.2d 1512, 1518 (11th Cir.1990) (where female teacher alleged she was not hired for "B scheduled" job because of her sex, testimony that college deans said that a lower position was sufficient for a woman and that "no woman would be named to a B scheduled job" constituted direct evidence of discrimination); *EEOC v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068 & n. 3, 1071 & n. 9 (11th Cir.1990) (where trial court found that plant manager's racial slurs were so "commonplace, overt and denigrating that they created an atmosphere charged with racial hostility", the slurs constituted direct evidence of discrimination "regardless of whether [they] relate[d] to the employment decision at issue"); *Sennello v. Reserve Life Ins. Co.*, 872 F.2d 393, 394–95 (11th Cir.1989) (where female alleged discriminatory discharge, statement by immediate supervisor that "we can't have women in management because women are like Jews and Niggers; they hire like themselves, and the trouble with that is that when they leave they take them with them"); *Thompkins v. Morris Brown College*, 752 F.2d 558, 561, 563–64 (1985) (in sex discrimination case where female college teacher was fired for moonlighting, testimony that college president said "he saw no reason for a woman to have a second job" and that college vice-president said that the reason the plaintiff could not teach four classes in the afternoon like male teachers was because "those males have families and needs that the plaintiff did not have", constituted direct evidence of sex discrimination); *Bell v. Birmingham Linen Service*, 715 F.2d 1552, 1557 (11th Cir.1983) (where woman was denied promotion, testimony that employer stated that if she got the promotion, "all women would want to enter" the same field constituted direct evidence of discrimination).

pointed to past reviews and to testimony from Mr. and Mrs. Kastranakes to show that she was qualified for the position. *See, e.g.,* Maria Kastranakes Depo. (Doc. No. 33), p. 17; Michael Kastranakes Depo. (Doc. No. 34), pp. 8–11, 15–16, 33–34; Walega Depo. (Doc. No. 32), p. 50. Plaintiff has offered reasonable explanations which undermine Defendant's only two specifically described incidents of performance failure (these are an incident involving a major customer, the Church of Scientology, and her marketing efforts with respect to a major prospect, Stone Buick). *See, e.g.,* Reeseman Depo. (Doc. No. 22), pp. 71–76; Hayes Depo. (Doc. No. 27), pp. 20–21; Hesse Depo. (Doc. No. 28), pp. 6, 11–12. At the same time, Plaintiff has pointed to evidence (not only her own testimony, but that of several co-workers) that suggests that her age was the stuff of derision. *See, e.g.,* Johnson Depo. (Doc. No. 31), pp. 4–11; J. Higgins Depo. (Doc. No. 30), p. 12; Pallotta Depo. (Doc. No. 26), pp. 11–13; K. Higgins Depo. (Doc. No. 29), pp. 18, 20; Reeseman Depo. (Doc. No. 22), pp. 39. In sum, evidence exists which, when viewed in a light most favorable to Plaintiff, establishes a prima facie case of discrimination, and casts doubt on Defendant's proffered non-discriminatory reasons for firing Plaintiff; a reasonable trier of fact could infer that Defendant's reasons are a pretext for discrimination. *See Combs v. Plantation Patterns,* 106 F.3d 1519, 1538 (11th Cir.1997) (question is whether the plaintiff has "cast sufficient doubt" through the demonstration of "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" such that a reasonable factfinder could find the defendant's proffered non-discriminatory reasons "unworthy of credence").

Given the amount of evidence submitted by Plaintiff and the fact that no Eleventh Circuit decision has ever adopted the rule set forth in *Proud,* the Court declines the invitation to apply the "same actor" presumption to the facts and circumstances in this case.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Summary Judgment (Doc. No. 16) is **DENIED.**

